UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SUBURBAN BUSINESS PRODUCTS, INC.
d/b/a SBP Image Solutions,

      Plaintiff,

          v.

GRANITE CITY COMMUNITY UNIT
SCHOOL DISTRICT NO. 9,

      Defendant.

Case No. 13-cv-366-JPG-PMF

**MEMORANDUM AND ORDER**

      This matter comes before the Court on the motion to dismiss for failure to state a claim and

for lack of subject matter jurisdiction filed by defendant Granite City Community Unit School

District No. 9 ("District") (Doc. 11).   Plaintiff Suburban Business Products, Inc. ("SBP") has

responded to the motion (Doc. 16), and the District has replied to that response (Doc. 18).

**I.**      **Standards for Dismissal**

      The District's arguments that SBP has failed to state a claim in its complaint are governed

by Federal Rule of Civil Procedure 12(b)(6).   When reviewing a Rule 12(b)(6) motion to dismiss,

the Court accepts as true all allegations in the complaint.   *Erickson v. Pardus*, 551 U.S. 89, 94

(2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   To avoid dismissal under

Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of

the claim showing that the pleader is entitled to relief."   Fed. R. Civ. P. 8(a)(2).   This requirement

is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair

notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the

plaintiff has a right to relief above a speculative level.   *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir.

2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561-63; *Concentra Health Servs.*, 496 F.3d at 777.  Now, "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:   What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667.

Although even after *Bell Atlantic* and *Iqbal* liberal federal notice pleading standards ensure that minimally detailed complaints can survive a motion to dismiss, those standards will not

prevent dismissal of complaints that plead too much.   A case can be dismissed because a complaint pleads facts establishing that the defendant is entitled to prevail.   *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998); *Soo Line R.R. v. St. Louis S.W. Ry.*, 125 F.3d 481, 483 (7th Cir. 1997); *see Hecker v. Deere & Co.*, 556 F.3d 575, 588 (7th Cir. 2009) (dismissal appropriate when party pleads facts establishing defense to his claim).

The District's arguments that there is no federal subject matter jurisdiction over certain claims are governed by Federal Rule of Civil Procedure 12(b)(1).   As with a Rule 12(b)(6) motion, all well-pleaded factual allegations are accepted as true and construed in the light most favorable to the plaintiff.   *Lee v. City of Chi.*, 330 F.3d 456, 468 (7th Cir. 2003).   The plaintiff has the burden of proving that subject matter jurisdiction exists.   *Id.*

## II.     Alleged Facts

As a preliminary matter, the briefing on the motion to dismiss refers to matters outside the pleadings.   Ordinarily when such material is presented in connection with a Rule 12(b)(6) motion to dismiss, the Court may treat the motion to dismiss as a motion for summary judgment or it may exclude the additional material from consideration.   *See* Fed. R. Civ. P. 12(d).   There are exceptions to this rule, however, where the additional material is an exhibit to the plaintiff's complaint, *see Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002), or where the additional material is something of which the Court may take judicial notice, *see Menominee Indian Tribe of Wisc. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998).   The Court may take judicial notice of public records, *see Pugh v. Tribune Co.*, 521 F.3d 686, 691 n. 2 (7th Cir. 2008) (publicly reported stock price), including judicial proceedings, *see Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).   In this case, the Court considers the exhibits to the complaint and takes judicial notice of another court proceeding related to this dispute, namely, *Suburban Business Products, Inc. v. Granite City Community Unit School District No. 9* ("*SBP I*"), 4:12-CV-914 (CEJ) in the

United States District Court for the Eastern District of Missouri.   Considering this material in addition to the allegations in the complaint, the Court finds the following relevant facts for the purposes of this motion.

Prior to the 2006-07 school year, the District requested proposals for bids on providing digital copy machines and maintenance service to the District for the 2006-07 to 2010-11 school years.   SBP submitted a bid, and on May 23, 2006, the District's Board of Education ("Board") awarded it the contract.

On that same day, SBP President Richard Shay and the District's Director of Finance Dennis Burnett signed the Equipment Rental Agreement ("Rental Agreement") and the Digital Copier Maintenance Agreement ("Maintenance Agreement").   The Rental Agreement states that SBP will provide thirty-four copy machines to the District for a term of five years, and in exchange the District will make quarterly payments of $17,246.04.   It also states that the District is responsible for protecting the rented copiers from damage other than ordinary wear and tear.   The Maintenance Agreement provides that SBP will provide maintenance and supplies for the copiers rented in the Rental Agreement.   In exchange the District will make quarterly payments of $10,965.00 plus $0.0043 per page (referred to as a "per click" charge) for copies over 10,200,000 annually.

Until May 2008, SBC continued to service the rented copiers and the District continued to pay $10,965 quarterly and any other "per click" charges assessed.   However, in May 2008, the District informed SBP that it would no longer allow SBP onto the District's property to service the rented copiers.   Instead, the District hired another company to provide the needed service and stopped paying SBC quarterly payments of $10,965.00.   The District also declined to pay $0.0043 "per click" for 5,281,768 copies over and above 10,200,000 annually, an amount totaling $22,711.60.   At the conclusion of the 2010-11 school year, SBP found that one of the rented

copiers had been damaged beyond normal wear and tear.   That copier would have been worth

$5,495.00 had it only suffered ordinary wear and tear, but in its damaged condition it was

essentially worthless.

SBP filed suit in Missouri state court against the District on April 2, 2012, and the District

removed the case to the United States District Court for the Eastern District of Missouri – *SBP I*.

After a hearing, the District Court dismissed the suit on December 31, 2012, without prejudice for

lack of personal jurisdiction over the District.   Critical to that ruling was the finding that the

Rental Agreement and the Maintenance Agreement were separate contracts such that a clause

alleged to be in the Rental Agreement stating that the District consented to the jurisdiction of

courts in Missouri did not apply to a dispute over the Maintenance Agreement.   *SBP I*, No.

4:12-CV-914 (CEJ), 2012 WL 6738496, at *3 (E.D. Mo. Dec. 31, 2012) ("The Court concludes

that the 2006 Rental Agreement and the 2006 and 2007 Maintenance Agreements are separate

contracts.").

On April 15, 2013, SBP filed suit in this district alleging claims for breach of contract for

the terminated copier service relationship (Count I), a "suit on account" for the unpaid excess "per

click" charges (Count II) and breach of contract for the failure to protect the damaged copier from

damage beyond ordinary wear and tear (Count III).

The District asks the Court to dismiss Count I on the grounds that SBP filed this suit

beyond the four-year statute of limitations period for default under a lease contract and that SBP

failed to allege a valid contract with the District.   It asks the Court to dismiss Counts II and III on

the grounds that, without Count I, the Court should not exercise supplemental jurisdiction.

Alternatively, it asks the Court to dismiss Counts II and III for failure to state a claim.

SBP argues that the ten-year statute of limitations for actions for payment based on

writings applies and that, even if the four-year limitations period applied, in light of the dismissal

of *SBP I*, this case was timely.   It further argues that the Court should continue to exercise

supplemental jurisdiction over Counts II and III and that its complaint adequately pled all counts.

The District's reply brief raises some new arguments not advanced in its original brief in

support of its motion.   The Court will disregard these arguments to the extent they are new.   It

has long been established that arguments in support of a motion that are raised for the first time in

a reply brief are waived.   *Wright v. United States*, 139 F.3d 551, 553 (7th Cir. 1998).   This is

because the opposing party does not have an opportunity to respond to the new arguments in the

reply brief.   *See Kauthar SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998).   The District

may raise these issues at a later stage of this case.

**III.     Analysis**

All parties appear to agree that Missouri law applies to this case.   Accordingly, the Court

applies that law in its analysis.

A.     <u>Count I:   Statute of Limitations</u>

The District believes the four-year statute of limitations for an "action for default under a

lease contract" applies.   *See* Mo. Rev. Stat. § 400.2A-506(1).   It argues that this suit, filed in

April 2013 – more than four years after the District notified SBP in May 2008 that it no longer

wanted SBP to service the rented copiers – is too late.   On the other side, SBP believes the

ten-year statute of limitations for an "action upon any writing . . . for the payment of money or

property" applies, *see* Mo. Rev. Stat. § 516.110, and SBP clearly filed suit within ten years of the

District's notice to stop servicing the copiers.   Alternatively, SBP argues that even if the four-year

lease default limitations period applies, the Missouri "savings statute" allowed it one year after

dismissal of *SBP I* to refile this lawsuit.   *See* Mo. Rev. Stat. § 516.230.

The threshold question here is whether the Maintenance Agreement is a "lease contract."

A lease is "a transfer of the right to possession and use of goods for a term in return for

consideration." Mo. Rev. Stat. § 400.2A-103(j). It is clear that there are no terms in the

Maintenance Agreement transferring the right to possession and use of goods, so it alone is not a

lease contract. Nor do the leasing terms in the Rental Agreement convert the Maintenance

Agreement into a lease contract. This issue is influenced by the decision in *SBP I* finding that the

Rental Agreement and the Maintenance Agreement were separate agreements. The parties are

collaterally estopped from arguing now that the agreements are a single, unified agreement

because the issue was actually and necessarily decided by a court of competent jurisdiction in the

prior case involving the same parties. *See Montana v. United States,* 440 U.S. 147, 153 (1979).

The agreements being separate and there being no lease provisions in the Maintenance Agreement,

the Court concludes that the Maintenance Agreement is not a "lease contract." Therefore, the

four-year statute of limitations of Mo. Rev. Stat. § 400.2A-506(1) does not apply.[1] Count I is

subject to the ten-year statute of limitations for an "action upon any writing . . . for the payment of

money or property," Mo. Rev. Stat. § 516.110, and was timely filed.

> B.      Count I:   Enforceability of Maintenance Agreement

The District argues that the Maintenance Agreement is unenforceable because it is not

---

[1] Even if the four-year statute of limitations had applied, the complaint in this case would have
been timely. Missouri law provides a savings statute (a different savings statute than the one cited
by SBP) for lease contract default claims:

> (3) If an action commenced within the time limited by subsection (1) is so
> terminated as to leave available a remedy by another action for the same default . . .,
> the other action may be commenced after the expiration of the time limited and
> *within six months after the termination of the first action* unless the termination
> resulted from voluntary discontinuance or from dismissal for failure or neglect to
> prosecute.

Mo. Rev. Stat. § 400.2A-506(3) (emphasis added). SBP commenced *SBP I* within four years of
the alleged breach of the Maintenance Agreement; the *SBP I* was involuntarily terminated not
because of a failure to prosecute and in a way that left another remedy available in a different
forum; and SBP commenced this lawsuit within six months of *SBP I*'s dismissal. Thus, this
lawsuit was timely even if the four-year limitations period applied.

signed by the Board president or an agent authorized in writing, as required by Missouri law. *See* Mo. Rev. Stat. § 432.070. It notes that the Maintenance Agreement is signed by Burnett, the District's director of finance, but no allegation suggests the Board authorized him in writing to contract on behalf of the District. SBP contends it has sufficiently alleged a written contract signed by the appropriate agents of the parties to satisfy Missouri law.

Missouri law requires that all contracts with school districts – the parties assume this includes Illinois school districts – be in writing and signed by the parties or their agents:

> No . . . school district . . . shall make any contract, unless the same shall be within the scope of its powers or be expressly authorized by law, nor unless such contract be made upon a consideration wholly to be performed or executed subsequent to the making of the contract; and *such contract, including the consideration, shall be in writing and dated when made, and shall be subscribed by the parties thereto, or their agents authorized by law and duly appointed and authorized in writing.*

Mo. Rev. Stat. § 432.070 (emphasis added). If they are not, the contract is void, and the school district cannot be liable for the purported obligations in the void contract on other theories like ratification, estoppel or implied contract. *Gill Constr., Inc. v. 18th & Vine Auth.*, 157 S.W.3d 699, 708 (Mo. Ct. App. 2004). This rule is designed to protect public entities, and those contracting with public entities are charged with knowledge of the requirements. *Id.*

Regardless of whether SBP can ultimately prove a breach of contract by the District, it has adequately pled it. In arguing otherwise, the District misapprehends the federal notice pleading requirements. Missouri pleading standards are more demanding than federal pleading standards and require a plaintiff in this kind of case to "plead and prove the kind of contract required by § 432.070." *DeMarr v. Kansas City, Mo., Sch. Dist.*, 802 S.W.2d 537, 541 (Mo. Ct. App. 1991) (requiring the plaintiff to plead the statutory elements). Federal pleading standards, on the other hand, do not require pleading the elements or the details of a cause of action, and those standards apply because this is federal court. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech.*

*Fin. Servs., Inc.*, 536 F.3d 663, 670 (7th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938)). Thus, the cases the District cites regarding what a plaintiff must plead to state a breach of contract claim in a Missouri court are inapposite. Under federal standards, even after *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the complaint need only provide a short, plain statement describing the claim sufficiently to give the defendant fair notice as to what it is charged with and why, and plausibly suggesting a non-speculative right to relief. *Bell Atl.*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678.

Here, SBP has satisfied that standard. SBP has pled the existence of a written contract – the Maintenance Agreement – and attached a copy with signatures purportedly on behalf of both parties to the contract. It has also pled that the District breached the Maintenance Agreement and damaged SBP by failing to pay certain amounts SBP believes were due under that agreement. This is enough to give the District notice of what SBP claims it did wrong, why SBP believes it is entitled to relief and why that relief is not merely speculative. If the District wants to challenge Burnett's authority to enter into a contract on the District's behalf – or any other argument that depends on the development of evidence – it may so argue at the summary judgment stage or at trial where evidence about the details of this and other relevant factual matters can be presented.

C. Counts II and III: Lack of Subject Matter Jurisdiction

The District's argument that the Court should decline jurisdiction under 28 U.S.C. § 1367(c)(3) over Counts II and III after dismissing Count I would have been persuasive had the Court actually dismissed Count I. However, since the Court has not dismissed Count I, the argument is not relevant. No party has otherwise objected to the Court's exercise of supplemental jurisdiction over Counts II and III under 28 U.S.C. § 1367(a) based on the Court's original diversity jurisdiction over Count I under 28 U.S.C. § 1332(a).

D.      Count II:   Pleading "Suit on Account"

The District asks the Court to dismiss Count II, a "suit on account" based on "per click"

charges in excess of the allotted annual number of "clicks," because SBP has failed to allege the

elements of the cause of action and because any implied contract involved in a "suit on account" is

void under Mo. Rev. Stat. § 432.070, discussed above.   SBP maintains it has adequately pled its

claim.

Under Missouri law, a "suit on account" is used to recover money for services performed

or property delivered.   *Helmtec Indus., Inc. v. Motorcycle Stuff, Inc.*, 857 S.W.2d 334, 335-36

(Mo. Ct. App. 1993).   It is based in contract law and requires proof of an offer, acceptance and

consideration.   *Id.*   In order to prevail on a "suit on account," the plaintiff must show that "1)

defendant requested plaintiff to furnish merchandise or services, 2) plaintiff accepted defendant's

offer by furnishing such merchandise or services, and 3) the charges were reasonable."   *Id.*   It is

generally used where there is no written contract acknowledged by both parties such as, for

example, when one company requests goods or services from another, and the other company

provides them and maintains an account of amounts due in payment for those goods or services.

*See, e.g., id.* at 335 ("suit on account" for motorcycle helmets shipped to defendant pursuant to oral

agreement); *Heritage Roofing, LLC v. Fischer*, 164 S.W.3d 128, 131 (Mo. Ct. App. 2005) ("suit on

account" for oral agreement to perform roofing work).

To the extent SBP's claim is based on an unwritten agreement, Mo. Rev. Stat. § 432.070

bars that claim.   As noted above, if a contract with a school district fails to comply with Mo. Rev.

Stat. § 432.070 because it is not in writing and signed by both parties or their authorized agents, a

party cannot seek relief on an implied contract theory.   *Gill Constr., Inc. v. 18th & Vine Auth.*, 157

S.W.3d 699, 708 (Mo. Ct. App. 2004).   It is clear that the District believes the written

Maintenance Agreement is for a single year.   If that is ultimately found to be true, SBP's "suit on

account" based on periods beyond the one-year term of the Maintenance Agreement cannot

succeed.   However, because this Court cannot say at this time the duration of the Maintenance

Agreement and whether any of the "per click" charges are alleged to have occurred beyond that

term, it cannot definitively dismiss any claim now.[2]

To the extent SBP's claim is based on the Maintenance Agreement itself, the Court

believes it may be entitled to relief of some sort, whether under a "suit on account" or breach of

contract theory.   Like its pleading of Count I, SBP's pleading of Count II is sufficient to put the

District on notice of its claim and the basis for that claim (nonpayment of "per click" charges

pursuant to the Maintenance Agreement) and to suggest a right to relief above the speculative

level.   That SBP may have specified an incorrect legal theory is not fatal to its claim as long as

relief is possible under some theory.   *Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011);

*Bartholet v. Reishauer A.G.*, 953 F.2d 1073, 1078 (7th Cir. 1992).   SBP has satisfied the liberal

federal notice pleading standards for Count II.

E.     Count III:   Enforceability of Rental Agreement

In its request to dismiss Count III, a breach of contract claim for damage to a rented copier,

the District relies on the same arguments relating to Mo. Rev. Stat. § 432.070 that it made with

respect to Count I.   SBP maintains its position that it has adequately pled its claim.

Again, SBP has satisfied the liberal federal notice pleading standard.   SBP has pled the

existence of a written contract – the Rental Agreement – and attached a copy with signatures

purportedly on behalf of both parties to the contract.   It has also pled that the District breached the

Rental Agreement and damaged SBP by failing to protect one of the rented copiers from

extraordinary damage while in the District's possession.   This is enough to give the District notice

---

[2] Collateral estoppel does not apply to the question of the Maintenance Agreement's term because that finding was not necessary to the judgment in *SBP I*.

of what SBP claims it did wrong, why SBP believes it is entitled to relief and why that relief is not

merely speculative.   Again, if the District wants to challenge Burnett's authority to enter into a

contract on the District's behalf – or any other argument that depends on the development of

evidence – it may so argue at the summary judgment stage or at trial where evidence about the

details of this and other relevant factual matters can be presented.

**IV.      Conclusion**

For the foregoing reasons, the Court **DENIES** the District's motion to dismiss (Doc. 11).

**IT IS SO ORDERED.**
**DATED: August 5, 2013**

s/J. Phil Gilbert

**J. PHIL GILBERT**
**DISTRICT JUDGE**