UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SUBURBAN BUSINESS PRODUCTS, INC. d/b/a SBP Image Solutions,<br><br>    Plaintiff,<br><br>        v.<br><br>GRANITE CITY COMMUNITY UNIT SCHOOL DISTRICT NO. 9,<br><br>    Defendant. | Case No. 13-cv-366-JPG-PMF |

## MEMORANDUM AND ORDER

This matter comes before the Court on the Court's May 16, 2014, order for plaintiff Suburban Business Products, Inc. ("SBP") to show cause why the Court should not dismiss this case for lack of subject matter jurisdiction because of the amount in controversy (Doc. 37). SBP has responded to the order (Doc. 38), and defendant Granite City Community Unit School District No. 9 ("District") has replied to that response (Doc. 41). For the following reasons, the Court discharges the rule to show cause, finding that the amount in controversy exceeds $75,000, exclusive of interest and costs.

In its order to show cause, the Court noted that diversity jurisdiction under 28 U.S.C. § 1332(a) requires the amount in controversy, excluding interest and costs, to exceed $75,000. The Court noted that the appropriate measure of damages in this case is SBP's lost profits that resulted from its inability to perform three years of a copy machine service contract it claims existed rather than the amount the District did not pay SBP under the alleged contract for those three years. The Court further noted that it is SBP's burden to prove it belongs in federal court. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936) (stating, "the one who

claims that the power of the court should be exerted in his behalf . . . must carry throughout the litigation the burden of showing that he is properly in court").

Having reviewed the parties' submissions, the Court finds that more than $75,000, exclusive of interest and costs, is in issue in this case. SBP has provided evidence that it was due $158,249.85 for three years of performing the alleged contract (Count 1) and $5,495.00 for a damaged copier (Count III) and that it would have cost SBP $42,432.07 in equipment and supplies to perform the service contract for three years. According to SBP, this would amount to lost profits of $121,312.78, well about the $75,000 threshold for diversity jurisdiction.

The District argues that SBP failed to include in the costs of service attributable to the "per click" charges beyond 10,200,000 clicks allowed annually under the service agreement, which in this case amounted to 5,281,768 clicks. These overages are approximately 17.3% of the 30,600,000 base clicks over a 3-year period. The Court believes these maintenance charges should be included in SBP's costs and, based on SBP's costs of service for base clicks, should amount to approximately $7,324.06 ($42,432.07 x 17.3%). This would bring the amount in controversy down to $113,988.72.

The District also argues that SBP failed to include the costs of labor it would save by not having to service the thirty-four copiers the District was leasing. SBP argues that no labor costs would be saved because a single copier service person usually services 200 to 225 copiers, so the District's thirty-four copiers would not have allowed SBP to hire fewer people. Even so, the Court finds that labor costs should be factored into SBP's lost profits. Servicing thirty-four copiers would require 15% to 17% of one worker's time. The Bureau of Labor Statistics pegs the average annual wage of those working in Occupation Code 49-2011 (Computer, ATM, and Office Machine Repairers) in the metropolitan St. Louis, Missouri, area as follows:

| 2008 | $35,810 |
|------|---------|
| 2009 | $37,920 |
| 2010 | $42,100 |
| 2011 | $43,210 |

See Bureau of Labor Statistics, Occupational Employment Statistics for the St. Louis Metropolitan Area (2008-11), *available at* http://www.bls.gov/oes/2008/may/oes_41180.htm, http://www.bls.gov/oes/2009/may/oes_41180.htm, http://www.bls.gov/oes/2010/may/oes_41180.htm, http://www.bls.gov/oes/2011/may/oes_41180.htm.

The weighted average of these annual wages (reflecting half of 2008 and 2011 but all of 2009 and 2010) is $39,842.33, and 15% of that amount is $5,976.50. Over three years, that would amount to labor costs of $17,929.50. If this amount is deducted from the lost profits total, there is still $96,059.22 in issue.

Finally, the District argues that SBP's costs do not include the costs of a Kyocera 6030 copier or copier parts that had to be replaced during the three-year time period. While the Court does not know the amount of these costs, it believes they *could* be accounted for in SBP's lost profit calculation (the copier replacement could arguably be covered by the copier rental agreement as opposed to the copier service agreement). However, the Court does not believe these costs could amount to $21,059.22, the amount needed to bring SBP's lost profits below the jurisdictional threshold.

For these reasons, the Court **DISCHARGES** the order to show cause (Doc. 37). However, the Court reminds that parties that its calculation of the amount in controversy does not reflect a definitive statement of SBP's damages, if any, and that it may revisit this jurisdictional issue should it become apparent that SBP's lost profits could not exceed $75,000, exclusive of interest and costs.

**IT IS SO ORDERED.**
**DATED: August 18, 2014**

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**